No. 03-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 325N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD EARL WILSON,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and for the County of Wheatland, DC 2002-08
The Honorable Randal I. Spaulding, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Earl Wilson, Pro Se, General Delivery, Denton, Montana

For Respondent:

Honorable Mike McGrath, Montana Attorney General, Jim Wheelis,
Assistant Attorney General, Helena, Montana; Linda Hickman, Wheatland
County Attorney, Harlowton, Montana

Submitted:  November 13, 2003

Decided:  November 25, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

## BACKGROUND

¶2     Richard Earl Wilson, *pro se*, appeals from the sentence and judgment entered by the District Court on March 18, 2003, in Cause No. DC-2002-08, Montana Fourteenth Judicial District, Wheatland County. The court's sentence and judgment resulted from a bench trial held before the District Court on March 18, 2003, wherein the judge found Wilson guilty of the offense of "no passing zones," a misdemeanor, in violation of § 61-8-326, MCA. The court sentenced Wilson to pay a fine of $250.00, a surcharge in the amount of $20.00, and to be imprisoned in the Wheatland County Jail for six months, with all jail time suspended upon payment of the fines within ninety days.

¶3     Wilson failed to file a transcript of the bench trial and his notice of appeal cites only the final judgment and sentence referred to above. Having reviewed the record in this case and the briefs of Wilson and the State, we dismiss this appeal with prejudice to the merits.

## DISCUSSION

¶4     Wilson's opening brief includes a petition for writ of mandamus which he filed on March 21, 2003, in the underlying cause. While the State moved to dismiss the petition, it appears that the court did not rule on Wilson's petition for mandamus. Additionally, Wilson filed with his appeal, documents which he filed in support of his alternative motions for an evidentiary hearing, for dismissal and for discovery, as well as other documents in the court

2

file. Wilson does not articulate any specific issues in his appeal brief, but it appears that his primary claims are that the court made evidentiary errors during his trial. Specifically, Wilson contends that the District Court improperly excluded Wilson's testimony and documents connected to his citizenship in a fictitious kingdom within Fergus County, namely Yaohu-Molkhiul Yaohushua Oholyao of Yaoshorul. Wilson also contends that the District Court erred in excluding his assertions that he was not subject to the laws of the State because he is "a freeman" or "a man of the soil," without contractual responsibility to obey the law and also because he enjoys diplomatic immunity. We decline to discuss the merits of Wilson's arguments.

¶5 Rule 9, M.R.App.P., includes the transcript of proceedings as part of the record and requires the Appellant either to order the transcript or to give notice that he deems portions of the transcript unnecessary. Wilson did not supply a transcript of the District Court proceedings as part of his appeal, nor did he otherwise comply with Rule 9. Therefore, we are unable to address the merits of the evidentiary issues which Wilson raises.

¶6 Furthermore, Rule 23(a)(2), M.R.App.P., requires that an Appellant state the issues presented on appeal. Wilson has failed to state any issues. Indeed, Wilson's claims are the sort of generalized claims that his constitutional rights were violated that we refused to consider in *State v. Whipple*, 2001 MT 16, ¶ 34, 304 Mont. 118, ¶ 34, 19 P.3d 228, ¶ 34.

¶7 Finally, Rule 23(a)(4), M.R.App.P., requires that the Appellant summarize his argument and in the argument state his contentions including citations to the authorities that support the argument. Not only has Wilson not set out his contentions with reasonable precision, he fails to cite to the record.

¶8     As a result of Wilson's failure to comply with the Montana Rules of Appellate Procedure, we are unable to address the merits of the arguments which he raises on appeal. Therefore,  this appeal is dismissed with prejudice to the merits.


                                                        /S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE